UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEGAN N. LYSZAZ, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:23-cv-03412 |
| CAINE & WEINER COMPANY, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes MEGAN N. LYSZAZ ("Plaintiff"), by and through the undersigned, complaining as to the conduct of CAINE & WEINER COMPANY, INC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692e *et seq.* and the North Carolina Collection Agency Act pursuant to § 58-70 *et seq.* ("NCCAA"), stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age, residing in Durham, North Carolina.

5. Defendant is a third party debt collector as reflected on its website.[1] Defendant collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to others, from consumers across the country, including from those in the state of North Carolina. Defendant is a limited liability company organized under the laws of the state of Illinois with its principal place of business located at 1699 E. Woodfield Road #360, Schaumburg, Illinois 60173.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action stems from Defendant's attempts to collect upon a Progressive Insurance debt, approximately totaling $600.00 ("subject consumer debt"), which Plaintiff purportedly owes.

8. Prior to the actions giving rise to the claims herein, Plaintiff obtained insurance through Progressive, used for personal, family, and household purposes, creating the subject consumer debt.

9. Due to unforeseen circumstances outside of her control, the subject consumer debt went into default.

10. Upon information and belief, after Plaintiff defaulted on the subject consumer debt, it was placed with Defendant for collection purposes.

---

[1] https://www.caine-weiner.com/

11. On or about March 30, 2023, Plaintiff began receiving calls to her cellular phone number, (716) XXX-5985, from Defendant seeking collection of the subject consumer debt.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular telephone ending in -5985. Plaintiff is and always has been financially responsible for the cellular telephone and its services.

13. Defendant has primarily used the phone number (910) 226-6101 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

14. Upon information and belief, Defendant regularly utilizes the above-referenced phone number during its debt collection activities.

15. On or about March 30, 2023, Plaintiff answered one such call and spoke to Defendant. Upon answering, Plaintiff learned that Defendant was attempting to collect upon the subject consumer debt. Defendant also informed Plaintiff that it was Progressive calling when it was actually Defendant.

16. After being informed of the subject consumer debt, Plaintiff demanded that Defendant provide the original contract of the subject consumer debt.

17. Defendant then yelled at Plaintiff, telling her to take the matter up with Progressive. Plaintiff explained to Defendant that there was no need to yell and Defendant yelled back at Plaintiff and hung up the phone call.

18. Defendant was not only harassing Plaintiff but lied about its identity when introducing itself as Progressive, further failing to identify itself as a third-party debt collector.

19. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, money, and resources.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection tactics and the resulting physical manifestations of the same, emotional distress, and numerous violations of his state and federally-protected interests to be free from harassing and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others, and is similarly a business whose principal purpose is the collection of debts.

26. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692d** *et seq.*

27. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

28. Defendant violated § 1692d through its harassing and noncompliant collection campaign directed towards Plaintiff. Defendant consciously chose to abuse and oppress Plaintiff by calling her, yelling at her after Plaintiff a fair question to get a copy of the contract, lying to her about who

4

it was that was actually calling, and then hanging up on her. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt.

### b. Violations of FDCPA § 1692e

29. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

31. Defendant violated §§ 1692e and 1692e(10) when it deceptively told Plaintiff that it was Progressive calling when it was not.

32. Defendant further violated §§ 1692e, 1692e(10), and 1692e(11) when it failed to disclose to Plaintiff that it was a debt collector calling her.

### c. Violations of FDCPA § 1692f

33. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated § 1692f when called her, yelled at her after Plaintiff asked a fair question, life to her about who was calling, failing to disclose that it was a debt collector calling, and then hanging up on her.

WHEREFORE, Plaintiff, MEGAN N. LYSZAZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE NORTH CAROLINA COLLECTION AGENCY ACT

35. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by N.C. Gen. Stat. § 75-50(1).

37. Defendant is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

    a. **Violations of NCCAA § 58-70-100**

38. The NCCAA, pursuant to N.C. Gen. Stat. § 58-70-100, provides that "[n]o collection agency shall use any conduct, the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect any debt. Further, pursuant to N.C. Gen. Stat. § 58-70-100(3), collection agencies are prohibited from "causing a telephone to ring or engaging a person in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances . . ."

39. Defendant violated §§ 58-70-100 and 58-70-100(3) through its harassing efforts to collect a debt from Plaintiff in much of the same way it violated § 1692d of the FDCPA.

    **b. Violations of NCCAA § 58-70-110**

6

40. The NCCAA, pursuant to N.C. Gen. Stat. § 58-70-110, provides that "No collection agency shall collect or attempt to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation."

41. Defendant violated §§ 58-70-100 and 58-70-100(3) through its harassing efforts to collect a debt from Plaintiff in much of the same way it violated § 1692e of the FDCPA.

WHEREFORE, Plaintiff, MEGAN N. LYSZAZ, respectfully requests that this Honorable Court enter judgment in her favor, as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c. Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d. Awarding Plaintiff reasonable attorneys' fees and costs, pursuant to N.C. Gen. Stat. §§ 75-56(a) and 75-16.1;

e. Enjoining Defendants from further contacting Plaintiffs; and,

f. Awarding Plaintiff any other relief as this Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE NORTH CAROLINA CONSUMER PROTECTION STATUTE**

42. Plaintiff repeats and realleges paragraphs 1 to 21 as though fully set forth herein.

43. The subject consumer debt constitutes "commerce" as defined by the N.C. Gen. Stat. § 75-1.1(b).

44. N.C. Gen. Stat. § 75-1.1(a) states:

> "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. § 75-1.1(a).

45. Defendant violated N.C. Gen. Stat. § 75-1.1(a) in much the same way it violated the NCCAA.

7

WHEREFORE, Plaintiff, MEGAN N. LYSZAZ, respectfully requests that this Arbitrator enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under N.C. Gen. Stat. § 75-16;

c. Awarding Plaintiff costs and reasonable attorney fees as provided under N.C. Gen. Stat. § 75-16.1;

d. Enjoining Defendants to cease contacting Plaintiff; and

e. Awarding any other relief as this Arbitrator deems just and appropriate.

Dated: May 31, 2023

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com